# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES E. ADAMS, :

     Petitioner,                              Case No. 3:10-cv-315

                                         :

                                                 District Judge Walter Herbert Rice

vs.                                               Magistrate Judge Michael J. Newman

                                         :

WARDEN, Lebanon Correctional
Institution,

                                         :

     Respondent.

## REPORT AND RECOMMENDATION[1]

Pursuant to 28 U.S.C. § 2254, Petitioner Charles Adams ("Petitioner" or "Adams") brings this petition for a writ of *habeas corpus*. Proceeding *pro se*, Petitioner pleads two grounds for relief:

> **GROUND ONE**: Petitioner was denied due process as a result of trial court error when the trial court found Petitioner guilty of all seven counts and did not merge any of the counts.
>
> **Supporting facts**: Petitioner was convicted of two counts of Rape, one count of Kidnapping, and one count Gross Sexual Imposition. If these convictions are to stand, Petitioner would have been convicted and sentenced four times for the same action.
>
> **GROUND TWO**: Petitioner was denied the effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
>
> **Supporting facts**: Petitioner's trial counsel owen Petitioner a duty to provide Petitioner with all the information to make an educated decision on the success or failure in the event of a trial and the likely resulting sentence. Trial counsel failed in this duty to Petitioner rendering his assistance ineffective and prejudicial.

Doc. 2 at PageID 34-36 (quoting verbatim) (capitalization altered).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I. PROCEDURAL HISTORY

In May 2006, Petitioner was indicted on seven counts: two counts of rape; and one count each of kidnapping, aggravated robbery, victim intimidation, gross sexual imposition, and robbery. Doc. 7-2 at PageID 84-87. He initially pled not guilty. *Id.* at PageID 88. He then filed a motion to suppress statements he made to the police, *id.* at PageID 89-91, and a motion to dismiss, *id.* at PageID 94-96. The trial court denied both motions. *Id.* at PageID 92-93, 102. He also filed a motion *in limine*. *Id.* at PageID 103-05.

On September 13, 2007, Petitioner pled no contest to all seven counts in the indictment. *Id.* at PageID 106-11; doc. 8-1 at PageID 313. In exchange for Petitioner's agreement to plea, two of his pending probation revocation cases were dismissed. *See* doc. 8-1 at PageID 295-96. The trial court accepted his plea and found him guilty on all counts. *Id.* at PageID 313-14. On October 26, 2007, Petitioner was sentenced to a total of twenty years imprisonment. Doc. 8-2; doc. 7-2 at PageID 118-20.

### A. Direct Appeal

With the assistance of counsel, Petitioner timely appealed his conviction and sentence, raising two assignments of error:

  I.  The trial court erred when it found Mr. Adams guilty of all seven counts and did not merge any of the counts.

  II.  Appellant was denied effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

Doc. 7-2 at PageID 126 (capitalization altered). The Ohio Court of Appeals overruled both assignments of error, affirming his conviction and sentence. *State v. Adams*, No. 22493 (Ohio Ct. App. 2d Dist. May 1, 2009), doc. 7-2 at PageID 157-64.

Petitioner, proceeding *pro se*, timely appealed to the Ohio Supreme Court, raising the same arguments. *See* doc. 7-2 at PageID 165-77. On September 30, 2009, the Ohio Supreme Court declined to hear his appeal, finding it did not involve any substantial constitutional question. *State v. Adams*, No. 2009-1043 (Ohio Sept. 30, 2009), doc. 7-2 at PAGED 188.

### B. Petition for Post-Conviction Relief

In addition, Petitioner filed a *pro se* petition for post-conviction relief on September 18, 2009. Doc. 7-2 at PageID 189-92. The Montgomery Count Court of Common Pleas overruled his petition -- finding (1) it was untimely filed, and (2) the claims were barred by *res judicata*. *State v. Adams*, No. 2006 CR 1867 (Montgomery Cnty. Ct. C.P. Oct. 27, 2009), doc. 7-2 at PageID 277-80. Petitioner did not further appeal this ruling.

### II. ANALYSIS

### A. AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court decides a federal constitutional claim on the merits, the federal *habeas* court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A state court decision is considered "contrary to . . . clearly established Federal law" when it is "diametrically different, opposite in character or nature, or mutually opposed." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (citation omitted). To be deemed "an unreasonable application of . . . clearly established Federal law," a state court's decision must be "'objectively

-3-

unreasonable,' not simply erroneous or incorrect." *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009*)* (citation omitted). Further, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence. *Id.* This statutory presumption of correctness also extends to factual findings made by state appellate courts' review of trial court records. *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003).

Under principles of comity, the state courts should have the first opportunity to hear a *habeas* petitioner's claim. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Accordingly, a federal *habeas* petitioner must exhaust state court remedies -- by fairly presenting his or her constitutional claims to the state's highest court -- before raising them in federal court. 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 844-45. If (1) the state court rejected the petitioner's claim based on his or her failure to comply with the state procedural rules, or (2) the petitioner failed to exhaust his or her state court remedies and no avenue of relief remains open, or it would otherwise be futile to pursue the state remedies, the petitioner has waived that claim for *habeas* review under the procedural default doctrine. *See Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

### B. Ground One

In Ground One, Petitioner argues that his conviction violates the Due Process Clause, the Double Jeopardy Clause, and Ohio Rev. Code § 2941.25.[2] *See* doc. 2 at PageID 46-48. Specifically, he asserts that (1) the two rape counts, the gross sexual imposition count, and the kidnapping count should have been merged; and (2) the aggravated robbery, robbery, and rape counts should have been merged. *See id.*

---

[2]To the extent that Petitioner is claiming a violation of Ohio Revised Code § 2941.25, such is not a cognizable federal *habeas corpus* claim -- which is only available to correct violations of federal law. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *accord Green v. Brunsman*, No. 1:10-cv-241, 2011 U.S. Dist. LEXIS 92828, at *11-12 (S.D. Ohio July 11, 2011).

The Court cannot review Ground One on the merits, however, because it is procedurally defaulted. Although Petitioner raised Ground One on direct appeal, the Ohio Court of Appeals refused to hear the claim on the merits for failure to comply with a procedural rule, *i.e.,* the contemporaneous objection rule.[3] *See* doc. 7-2 at PageID 160-62. Accordingly, the Court of Appeals reviewed this claim for plain error only. *See id.*

The Sixth Circuit applies the test established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) to determine whether a *habeas* claim is procedurally defaulted:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . .

*Eley v. Bagley,* 604 F.3d 958, 965 (6th Cir. 2010).

All of the requirements for procedural default are met in this case. First, Petitioner does not dispute that neither he nor his counsel complied with the contemporaneous objection rule -- by failing to raise merger at the trial court level. *See* doc. 10. Second, the Ohio Court of Appeals' plain error review was an enforcement of that procedural rule. *See Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). Third, Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Therefore, Petitioner procedurally defaulted in presenting Ground One to the state courts. *Cf. Moore v. Warden*, No. 1:11-cv-155, 2012 U.S. Dist. LEXIS 31090, at *19-22 (S.D. Ohio Mar. 8, 2012).

---

[3]The contemporaneous objection rule requires parties to object to errors before the trial court in order to preserve that error for appeal. *State v. Comen*, 553 N.E.2d 640, 646 (Ohio 1990).

To be excused from his procedural default of Ground One, Petitioner must demonstrate "that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin*, 785 F.2d at 138. Here, Petitioner raised ineffective assistance of trial counsel in his *habeas* petition, which can constitute such cause, *Edwards v. Carpenter*, 529 U.S. 446, 450-52 (2000), and he properly exhausted that claim in the state courts. *See id*; doc. 7-2 at PageID 162-64. Nonetheless, to overcome procedural default, Petitioner's ineffective assistance of appellate claim must have merit. *See Davie v. Mitchell*, 547 F.3d 297, 312-13 (6th Cir. 2008). As explained *infra* with regard to Ground Two, his claim does not. Therefore, Ground One should be dismissed.

### C.  Ground Two

In Ground Two, Petitioner asserts ineffective assistance of trial counsel for failing to: (1) request that his counts be merged; and (2) fully inform him regarding his potential sentence during plea negotiations. Doc. 2 at PageID 48-52.

To prevail on his ineffective assistance of counsel claim, Petitioner must meet the two-part *Strickland v. Washington* test by demonstrating that his counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because there is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," to meet the deficiency prong, the defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688-90. To satisfy the prejudice prong in the context of pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). In other words, to

establish ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice. *Berghuis v. Thompkins*, __ U.S. __, 130 S. Ct. 2250, 2264 (2010).

**1.     Counsel's Failure to Request a Merger of Petitioner's Counts**

Petitioner's first ineffective assistance of counsel sub-claim is that this trial counsel failed to argue that some of his counts should be merged. *See* doc. 2 at PageID 49-51. This sub-claim was properly presented on direct appeal. The Ohio Second District Court of Appeals -- correctly applying the *Strickland* standard -- rejected this claim on the merits as follows:

> In his final assignment, Adams contends that his trial counsel rendered ineffective assistance of counsel when he failed to request that the trial court merge any of the counts in the indictment.
> "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Bradley* (1989), 42 Ohio St.3d 136, citing *State v. Lytle* (1976), 48 Ohio St.2d 391, 396-97, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
> The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Id.*
> For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. *Bradley*, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, supra, at 694.

>  Based upon our disposition with respect to Adams' first assignment of error,[4] we find that appellant has failed to establish his trial counsel rendered ineffective assistance when he failed to request that some of the counts in the indictment be merged since there is no evidence on the record from the plea hearing that merger was appropriate under the circumstances. As stated previously, Adams' counsel negotiated the dismissal of two pending revocation cases in return for Adams' pleas. Moreover, by agreeing to enter no contest pleas to the counts in the indictment, Adams obtained a sentence which was less than half of the maximum sentence possible.
>
>  Adams' final assignment of error is overruled.

Doc. 7-2 at PageID 162-64.

The Ohio Court of Appeals, on direct review, was limited to the trial court record. *See State v. Davis*, 959 N.E.2d 516, 523(Ohio 2011). The Ohio Court of Appeals recited the facts as follows:

>  The incident which forms the basis of Adams' arrest and subsequent conviction occurred on the afternoon of December 14, 1997, when the victim, E.C., was leaving the Victoria Theatre in downtown Dayton, Ohio. As E.C. approached her car, Adams appeared and forced her into the passenger side of her car. Adams entered the car and drove around with E.C. for a period of time during which he raped E.C. both vaginally and orally. At some point, Adams also attempted to use E.C.'s ATM card to withdraw money from her account. After driving around for some time, Adams returned downtown, releasing E.C. at a parking garage. Before departing, Adams threatened to kill E.C. if she told anyone about the attack.

Doc. 7-2 at PageID 159.

Based on the trial court record, the Ohio Court of Appeals reasonably determined that the facts supported separate charges for each of Petitioner's counts: Count I - rape under Ohio Revised Code § 2907.02(A)(2) (vaginal rape); Count II - kidnapping under Ohio Revised Code § 2905.01(A)(4) (moving and restraining the victim's liberty for a prolonged period of time, *i.e.,*

---

[4] Earlier in its opinion, the Ohio Court of Appeals rejected Petitioner's first assignment of error -- finding that the trial court did not err in failing to merger his counts. The Ohio Court of Appeals concluded that "there is nothing in the record demonstrating that any of the counts should be treated as allied offenses of similar import, necessitating merger." Doc. 7-2 at PageID 162. "No facts were placed on the record suggesting the same animus for multiple counts, nor are there facts in the record suggesting anything less than distinct counts." *Id.*

forcing her into the car and driving around, for the purpose of engaging in sexual activity); Count III - rape under Ohio Revised Code § 2907.02(A)(2) (oral rape); Count IV - aggravated robbery under Ohio Revised Code § 2911.01(A)(3) (inflicting serious harm on the victim in stealing the victim's car); Count VI - gross sexual imposition under Ohio Revised Code § 2907.05(A)(1) (forcing the victim to submit to sexual contact, with the purpose of sexually arousing or gratifying himself or the victim); and Count VII - robbery under Ohio Revised Code § 2911.02(A)(3) (taking the victim's ATM card through the use or threat of immediate force).

Further, contrary to Petitioner's contentions, rape and kidnapping charges should not be merged under Ohio Revised Code § 2941.25 when there is a prolonged abduction prior to the commission of a rape. *See State v. Logan*, 397 N.E.2d 1345, 1349-50 (Ohio 1979). The same goes for robbery and kidnapping charges -- they are not required to be merged where the restraint was prolonged or the movement substantial. *See State v. Fears*, 715 N.E.2d 136, 151 (Ohio 1999). Under the facts in this case, the Ohio Court of Appeals reasonably found separate charges for (1) rape and kidnapping and (2) robbery and kidnapping because the restraint of the victim (an element of kidnapping) was prolonged and substantial. Petitioner drove around with the victim before committing rape or robbery. *See* doc. 7-2 at PageID 159.

Therefore, absent evidence in the record showing that the offenses were committed with the same animus, the Court of Appeals reasonably concluded that merger was inappropriate. Accordingly, the Court of Appeals' determination -- that Petitioner's trial counsel did not render ineffective assistance for failing to raise an unsuccessful argument -- was a proper application of the *Strickland* standard.

Moreover, although the Court of Appeals did not explicitly address the underlying double jeopardy argument, the Court finds that had Petitioner counsel's requested merger under the Double Jeopardy Clause, he would have likewise been unsuccessful. While protecting the same interests, Ohio Revised Code § 2941.25 is much broader than the Double Jeopardy Clause. *Steveson v. Timmerman-Cooper*, No. 3:10-cv-09, 2010 U.S. Dist. LEXIS 143614, at *4 (S.D. Ohio Jan. 14, 2010). The Double Jeopardy Clause protects a person from receiving multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Two offenses are different, for double jeopardy purposes, when each contains an element that the other does not. *See Blockburger v. United States,* 284 U.S. 299, 304 (1932); *see also United States v. Dixon*, 509 U.S. 688, 696-97 (1993). However, even where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981). Federal courts must defer to the state courts' construction of their own statutes. *Missouri v. Hunter*, 459 U.S. 359, 368 (1983).

Ohio Revised Code § 2941.25 demonstrates the Ohio legislature's intent regarding multiple punishments. *See State v. Johnson*, 942 N.E.2d 1061, 1064, 1070 (Ohio 2010). Under this statute, an Ohio trial court may convict and sentence a defendant for two or more offenses arising from the same incident if the offenses (1) are of dissimilar import; or (2) are of similar import, but were committed separately or with a separate animus. *See id.* at 1070. Accordingly, there is no double jeopardy violation in sentencing a defendant to similar offenses when each offense was committed with a separate animus. *See Watkins v. Schotten*, No. 96-3024, 1996 U.S. App. LEXIS 31239, at *6-7 (6th Cir. Nov. 27, 1996); *Spence v. Sheets*, 675 F. Supp. 2d 792, 822-25 (S.D. Ohio 2009); *Thomas v. Brunsman*, No. 1:07-cv-858, 2008 U.S. Dist. LEXIS 118323, at *45-52 (S.D. Ohio Nov. 5, 2008).

Finally, to the extent Petitioner attempts to present facts outside the trial court record -- to prove that the charges were committed with the same animus -- he is procedurally barred from doing so. In Ohio, the proper procedure for presenting non-trial-court-record evidence is through a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21(A)(2). *See State v. Gibson*, 430 N.E.2d 954, 957 (Ohio 1980). Though Petitioner initially filed a post-conviction petition, his claims are procedurally barred for two reasons. First, Petitioner filed his petition one year after the 180-day limitations period, and the Montgomery County Common Pleas Court refused to consider the merits of his post-conviction petition because it was untimely filed. *See* doc. 7-2 at PageID 277-80. The 180-day limitations period in Ohio Revised Code § 2953.21 is an adequate and independent state ground to bar a federal *habeas* claim. *Bird v. Hurst*, 110 F. App'x 474, 478 (6th Cir. 2004). Second, Petitioner did not appeal the denial of his post-conviction petition, which also results in a procedural default of the claims asserted therein. *See Wright v. Bell*, 619 F.3d 586, 603 (6th Cir. 2010); *see also Norris v. Warden*, No. 1:10-cv-764, 2011 U.S. Dist. LEXIS 135470, at *18-20 (S.D. Ohio Oct. 20, 2011). Petitioner has not shown cause or prejudice to overcome this procedural default. *See* docs. 2, 10. Therefore, this Court cannot consider Petitioner's ineffective assistance of counsel claim to the extent he asserts facts outside the trial court record.

In sum, the Ohio Court of Appeals' application of *Strickland* -- determining that there was no ineffective assistance of counsel for failing to raise an unsuccessful argument -- was not objectively unreasonable.

### 2. Counsel's Failure to Inform Petitioner of His Potential Sentence

In Petitioner's second ineffective assistance of counsel sub-claim, he asserts that, during plea discussions, his trial counsel did not fully inform regarding his potential sentence. *See* doc. 2 at PageID 49-51. However, as Petitioner acknowledges in his *habeas* petition, *see id.* at PageID 49-50,

the trial court, on the record during his plea colloquy, informed him of the minimum and maximum sentences for each count, and also advised him that the sentence for each count could be imposed concurrently or consecutively. *See* doc. 8-1 at PageID 300-04.

Thus, his second sub-claim fails because, even assuming, *arguendo*, that Petitioner's trial counsel never advised him of his potential maximum sentence, Petitioner was not prejudiced by that error, *i.e.,* he has not shown that he would have insisted on going to trial. After the trial court advised Petitioner of his potential maximum sentence during the plea colloquy, he decided to plead no contest. A trial court's proper plea colloquy cures any misunderstanding a defendant may have had about the consequences of his plea. *Ramos v. Rogers*, 170 F.3d. 560, 565 (6th Cir. 1999). Further,"[s]olemn declarations made in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and Petitioner stated that he understood the potential sentences before he entered his no contest plea as to each count. *See* doc. 8-1 at 300-04. *Cf. Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992).

### III.  RECOMMENDATION

Based on the foregoing analysis, it is **RECOMMENDED** that Petitioner's § 2254 petition for a writ of *habeas corpus* be **DISMISSED** with prejudice and this case be **TERMINATED** on the Court's docket.

Reasonable jurists would not disagree with the recommended disposition on Ground One. Therefore, if Petitioner seeks to appeal, the Court **RECOMMENDS** that he be **DENIED** a certificate of appealability on **Ground One**.

It is possible, however, that reasonable jurists would disagree with the recommended disposition on Ground Two. Therefore, if Petitioner seeks to appeal, the Court **RECOMMENDS**

that Petitioner be **GRANTED** a certificate of appealability on Ground Two and leave to proceed *in forma pauperis* on appeal.

April 10, 2012                                                              s/ **Michael J. Newman**
                                                                             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).