IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES E. ADAMS, | : |
| Petitioner, | :    Case No.    3:10-cv-315 |
| vs. | : |
| |    JUDGE WALTER HERBERT RICE |
| WARDEN, Lebanon Correctional Institution | : |
| | : |
| Respondent | |

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. #12); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #15); SUSTAINING RESPONDENT'S OBJECTION THERETO (DOC. #13); DISMISSING WITH PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS (DOC. #2); DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; TERMINATION ENTRY

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael J. Newman, in his Report and Recommendation, filed April 10, 2012 (Doc. #12), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court: (1) ADOPTS said judicial filing to the extent it recommends dismissal with prejudice of the petition for a writ of *habeas corpus* (Doc. #2); and (2) OVERRULES Petitioner's objections thereto (Doc. #15).

In so ruling, the Court makes the following, non-exclusive observations:

1. Petitioner argues that he should be excused from compliance with the state's contemporaneous objection rule because neither he nor his attorney was present to object when the trial court entered an amended termination entry. The original termination entry mistakenly indicated that Counts 1 and 3 were to be served consecutively; the amended termination entry corrected that mistake, indicating that Counts 1 and 2 were to be served consecutively. The record shows that the amended termination entry is entirely consistent with the sentence that was imposed at the sentencing hearing. Doc. #8-2, at 8. Petitioner and his attorney were both present at that hearing and failed to object. Petitioner's current objection therefore lacks merit.

2. The Magistrate Judge's reference to "Petitioner's ineffective assistance of appellate [sic] claim" on page 6 of the Report and Recommendation is an obvious typographical error. As Petitioner notes, he has not raised an ineffective assistance of appellate counsel claim. In any event, as Magistrate Judge Newman went on to explain in connection with Ground Two for Relief, Petitioner's ineffective assistance of trial counsel claim lacks merit. As such, it cannot serve as cause to excuse the procedural default on Ground One.

Magistrate Judge Newman recommended that the Court deny a certificate of appealability on Ground One, but grant a certificate of appealability on Ground Two, concluding that reasonable jurists could disagree with the recommended disposition of that claim. Both parties have filed objections to this portion of the Report and Recommendation.

Petitioner argues that if reasonable jurists could disagree with the recommended

disposition on Ground Two, then a certificate of appealability should also be issued for Ground One, since the existence of cause for the procedural default in Ground One hinges on the merits of the ineffective assistance of counsel claim set forth in Ground Two.

Respondent, on the other hand, argues that Magistrate Judge Newman erred in recommending that a certificate of appealability be issued as to Ground Two. Respondent maintains that reasonable jurists could not disagree with the Magistrate Judge's conclusion that Petitioner has failed to establish either deficient performance or prejudice as required to succeed on an ineffective assistance of counsel claim. See *Strickland v. Washington*, 466 U.S. 668 (1984).

The Court SUSTAINS Respondent's objection (Doc. #13) and OVERRULES Petitioner's objection with respect to this issue. Based on the reasoning and citations of authority set forth by the Magistrate Judge, no reasonable jurist could find that Petitioner's attorney's performance, in failing to raise the merger issue, was constitutionally deficient. Nor could any reasonable jurist find that Petitioner was prejudiced by the allegedly deficient performance. Accordingly, the Court REJECTS the Magistrate Judge's recommendation that the Court issue a certificate of appealability on Ground Two and grant Petitioner leave to appeal *in forma pauperis.*

The Petition for a Writ of Habeas Corpus (Doc. #2) is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be

objectively frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 10, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE